UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
THEC INTERNATIONAL-HAMDARD    )
CORDOVA GROUP-NAZARI           )
CONSTRUCTION COMPANY, LTD.    )
JOINT VENTURE, et al.,              )
                                            )
        Plaintiffs,                      )
                                            )   Civil Action No. 15-1940 (RBW)
    v.                                     )
                                            )
COHEN MOHR, LLP, et al.,           )
                                            )
        Defendants.                   )
_____)

## MEMORANDUM OPINION

      This matter is before the Court on the plaintiffs' Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) ("Pls.' Mot."), ECF No. 44, which seeks to vacate the Court's dismissal of the above-captioned matter pursuant to the plaintiffs' notice of voluntary dismissal and to instead dismiss this case for lack of subject-matter jurisdiction, see generally Pls.' Mot. at 1; Defendant Cohen Mohr LLP's Motion for Leave to File a Sur-Reply ("Cohen Mohr's Mot."), ECF No. 50; the Motion of Defendants Abdul Hadi Rakin and THEC International Corporation for Leave to File a Sur-Reply ("Rakin & THEC's Mot."), ECF No. 51; and the Plaintiffs' Motion for Sanctions ("Pls.' Sanctions Mot."), ECF No. 57. Upon careful consideration of the parties' submissions,[1] the Court concludes for the reasons set forth below that it must deny the

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60[](b)(6) ("Pls.' Mem."); (2) Defendant THEC International Corporation's and Abdul Hadi Rakin's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Vacate Judgment ("Rakin & THEC's Opp'n"); (3) Defendant Cohen Mohr LLP's Opposition to Plaintiffs' Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60([b])(6) ("Cohen Mohr's Opp'n"); (4) the Plaintiffs' Reply to Defendant Cohen Mohr LLP's Opposition to Plaintiffs' Motion to Vacate Judgment Pursuant To Fed. R. Civ. P. 60([b])(6) ("Pls.' Cohen Mohr Reply"); (5) the Plaintiffs' Reply to Defendant THEC International Corporation's and Abdul

(continued . . .)

defendants' motions for leave to file sur-replies, deny the plaintiffs' motion to vacate the judgment the Court previously entered in this matter, and deny the plaintiffs' motion for sanctions.

## I. BACKGROUND

On November 3, 2015, the plaintiffs, THEC International-Hamdard Cordova Group-Nazari Construction Company, Ltd. Joint Venture ("THN Joint Venture"), the Hamdard Cordova Group (the "Hamdard Group"), and the Nazari Construction Company, Ltd. (the "Nazari Company"), initiated this cause of action against two of the named defendants, Cohen Mohr, LLP ("Cohen Mohr") and Abdul Hadi Rakin ("Rakin"), asserting multiple common law claims based on an alleged diversion of an approximate $3.6 million payment that the plaintiffs purportedly earned for services performed in conjunction with a road construction project in Afghanistan. See Complaint for Fraud[,] Conversion[,] Civil Conspiracy[,] Negligence[,] Tortious Interference With the Contract[, and] Breach of Fiduciary Duty ("Compl.") at 1, ECF No. 2; see also Pls.' Mot. at 1. Later, the plaintiffs amended their Complaint in part to name the THEC International Corporation ("THEC"), a company owned by Rakin, see Pls.' Mem. at 1–2, as an additional defendant and to assert, among others allegations, additional claims of

---

(. . . continued)
Hadi Rakin's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Vacate Judgment ("Pls.' Rakin & THEC Reply"); (6) the Plaintiffs' Response to Defendant Cohen Mohr, LLP's Motion for Leave to File a Sur-Reply[] ("Pls.' Cohen Mohr Opp'n"); (7) the Plaintiffs' Response to Defendant[s] Rakin and THEC International Corporation's Motion for Leave to File a Sur-Reply[] ("Pls.' Rakin & THEC Opp'n"); (8) the plaintiffs' Status Update with Respect to Plaintiffs' Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60 (b)(6) ("Pls.' Status Update"); (9) Defendant Cohen Mohr LLP's Response to Status Update ("Cohen Mohr's Status Resp."); (10) the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Sanctions ("Pls.' Sanctions Mem."); (11) Defendant[s] THEC International Corporation's and Abdul Hadi Rakin's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Sanctions ("Rakin & THEC's Sanctions Opp'n"); (12) Defendant Cohen Mohr, LLP's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Sanctions ("Cohen Mohr's Sanctions Opp'n"); (13) the Plaintiffs' Reply to Defendant Cohen Mohr, LLP's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Sanctions ("Pls.' Cohn Mohr Sanctions Reply"); and (14) the Plaintiffs' Reply to Defendant[s] THEC International Corporation's and Abdul Hadi Rakin's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Sanctions ("Pls.' Rakin & THEC's Sanctions Reply").

conversion, breach of fiduciary duty, and breach of contract, see First Amended Complaint for Declaratory Judgment, Conversion, Breach of Fiduciary Duty, Breach of Contract, Tortious Interference with Contract, Civil Conspiracy, Breach of the Standard of Care, and Breach of the Standard of Conduct ("Am. Compl.") at 1, ECF No. 18.

Thereafter, each defendant moved to dismiss the plaintiffs' Amended Complaint on both jurisdictional and procedural grounds. See generally Defendant Abdul Hadi Rakin's Motion to Dismiss ("Rakin's Mot."), ECF No. 21; defendant Cohen Mohr LLP's Motion to Dismiss Amended Complaint and Memorandum of Points and Authorities in Support Thereof ("Cohen's Mot."), ECF No. 23; Defendant THEC International Corporation's Motion to Dismiss ("THEC's Mot."), ECF No. 34. Specifically, the defendants argued that the Court lacked subject-matter jurisdiction because the case involved "an entity with Virginia citizenship [ ] suing another entity with Virginia citizenship as well as an individual with a Virginia domicile," and "[d]iversity jurisdiction, therefore, di[d] not exist." See, e.g., Memorandum of Points and Authorities of Defendant Abdul Hadi Rakin in Support of His Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Rakin's Mem.") at 12. Consequently, because "the pleadings and the record d[id] not reveal whether complete diversity exist[ed] between the parties," Order at 6 (Apr. 29, 2016), ECF No. 37, the Court denied without prejudice each of the defendants' motions to dismiss, see id. at 8–9, and required the parties to conduct jurisdictional discovery "limited to the question of whether complete diversity exist[ed]," id. at 9. However, before the close of the parties' limited jurisdictional discovery, on June 27, 2016, the plaintiffs filed a notice on the docket, voluntarily dismissing this case without prejudice. See generally Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P[. ] 41(a)(1)(A)(i) ("Pls.' Dismissal"). The following day, the Court dismissed this matter without prejudice and closed the case. See Minute Order (June

28, 2016).

Concurrent with the filing of their notice of the voluntary dismissal of this matter, the plaintiffs initiated arbitration proceedings against THEC in the International Court of Arbitration of the International Chamber of Commerce ("ICC"). See Cohen Mohr's Opp'n, Exhibit ("Ex.") A (International Chamber of Commerce — International Court of Arbitration, Request for Arbitration ("ICC Request for Arbitration")). In March 2017, the plaintiffs also filed a cause of action against Cohen Mohr in the Superior Court of the District of Columbia ("Superior Court"). See id., Ex. B (The plaintiffs' Complaint in the Superior Court of the District of Columbia ("Superior Court Complaint")). On June 25, 2017, "the ICC proceedings were dismissed for lack of jurisdiction . . . [, and] the Tribunal awarded THEC almost 100% of its fees and costs incurred in the arbitration." Rakin & THEC's Opp'n at 4; see also id., Ex. 2 (ICC International Court of Arbitration, Case No. 22065/RD/MK ("ICC Arbitration Award")) at 35 (ordering the plaintiffs to pay THEC $87,558.79 in legal costs related to the arbitration proceedings). In the Superior Court proceedings, defendant Cohen Mohr filed a motion seeking costs and a stay of those proceedings under Superior Court Local Rule 41(d)[2] "[b]ecause the Superior Court Action alleged the same wrongs and injury as [the voluntarily dismissed] federal court action, . . . [and] Rule 41(d) . . . warranted relief." Cohen Opp'n at 3. On June 29, 2017, the Superior Court issued an order, ruling that "[s]hould [Cohen Mohr] move for an assessment of costs under Rule 41(d), [the p]laintiffs may then present their positions as to the suitability of awarding such costs

---

[2] Rule 41(d) states,

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

D.C. Sup. Ct. Civ. R. 41(d).

4

to [Cohen Mohr]." Id., Ex. F (Order of the Superior Court of the District of Columbia) (June 29, 2017) ("Superior Court Order")), at 4.[3] That same day, the plaintiffs filed their motion in this Court to vacate their voluntary dismissal of this matter. See Pls.' Mot. at 1. The following day, on June 30, 2017, defendant Cohen Mohr filed its motion for costs and to stay the litigation in the Superior Court proceedings. See Pls.' Status Update, Ex. 1 (Omnibus Order of the Superior Court of the District of Columbia) (Aug. 31, 2017) at 2.

After briefing of the plaintiffs' motion to vacate was completed, each defendant requested that this Court permit them to file sur-replies given their shared position that the plaintiffs' replies to their oppositions raised new arguments. See, e.g., Cohen Mohr's Sur-Reply Mot. at 1. On September 6, 2017, the plaintiffs filed on the docket a status update, indicating that on August 31, 2017, the Superior Court denied defendant Cohen Mohr's motion for costs and to stay that litigation. See Pls.' Status Update, Ex. 1 (Omnibus Order of the Superior Court of the District of Columbia) at 16. The plaintiffs also reiterated in their status update their request for relief under Rule 60(b)(6), contending that the ICC's "dismissal of the [plaintiffs] arbitration creates a new, additional imperative for the Court to vacate the voluntary dismissal and substitute an Order of Dismissal noting its ab initio lack of subject[-]matter jurisdiction." See id. at 1 (citation omitted). In addition, on October 26, 2017, the plaintiffs filed a motion for sanctions in this case against the defendants for alleged misconduct, see generally Pls.' Sanctions Mot., which the parties have now fully briefed.

## II.  STANDARDS OF REVIEW

### A. Motion for Leave to File a Sur-Reply

A court will grant a motion for leave to file a sur-reply if "the party making the motion

---

[3] The page numbers cited by the Court when referencing this Order of the Superior Court are the automatically-generated page numbers assigned by the Court's ECF system.

5

would be unable to contest matters presented to the court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001), remanded on other grounds, No. 01-5296, 2003 WL 21018861 (D.C. Cir. Apr. 30, 2003) (per curiam); see also Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting Lewis, 154 F. Supp. 2d at 61). Although "sur[-]replies are generally disfavored," Kifafi v. Hilton Hotels Ret. Plan, 736 F. Supp. 2d 64, 69 (D.D.C. 2010), aff'd, 701 F.3d 718 (D.C. Cir. 2012), "[t]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court," Ying Qing Lu v. Lezell, 45 F. Supp. 3d 86, 91 (D.D.C. 2014). If new arguments appear for the first time in a movant's reply, granting leave to file a sur-reply is appropriate. See Flynn v. Veazey Constr. Corp., 310 F. Supp. 2d 186, 189 (D.D.C. 2004). But, such arguments "must be truly new." United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 270, 277 (D.D.C. 2002). "Simply put, a sur[-]reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit." Crummey v. Soc. Sec. Admin., 794 F. Supp. 2d 46, 63 (D.D.C. 2011), aff'd, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012).

### B. Motion to Vacate Judgement

Federal Rule of Civil Procedure 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just.'" Salazar ex rel. Salazar v. District of Columbia, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)); see also Fed. R. Civ. P. 60(b)(6) (permitting courts to "relieve a party . . . from a final judgment, order, or proceeding" for "any other reason that justifies relief"). Although district courts "enjoy[] a large measure of discretion in deciding whether to grant or deny a [Rule] 60(b)[(6)] motion," Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C.

Cir. 1987), the Supreme Court has held that Rule 60(b)(6) applies only in "extraordinary" circumstances, see Ackermann v. United States, 340 U.S. 193, 202 (1950), and this Circuit has cautioned that Rule 60(b)(6) "should be only sparingly used," Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)). "In short, plaintiffs must clear a very high bar to obtain relief under Rule 60(b)(6)." Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007).

### C. Motion for Sanctions

Under "[Federal Civil Procedure] Rule 11[,] sanctions may be imposed where a party files a pleading, motion[,] or other paper with the court for an improper purpose, that is unwarranted by existing law, [ ] that is lacking evidentiary support," Henok v. Chase Home Fin., LLC, 926 F. Supp. 2d 100, 104 (D.D.C. 2013) (citing Fed. R. Civ. P. 11(b)(1)–(3)), or that is not "reasonably based on belief or a lack of information," Fed. R. Civ. P. 11(b)(4). "Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings." Brown v. FBI, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quoting Wasserman v. Rodacker, No. 06-1005 (RWR), 2007 WL 2071649, at *7 (D.D.C. July 18, 2007)). Although "'the district court is accorded wide discretion' in determining whether sanctions are appropriate," Gomez v. Aragon, 705 F. Supp. 2d 21, 23 n.2 (D.D.C. 2010) (quoting Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C. Cir. 1985)), the test "under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim," Sharp v. Rosa Mexicano, D.C., LLC, 496 F. Supp. 2d 93, 100 (D.D.C. 2007) (quoting Reynolds v. U.S. Capitol Police Bd., 357 F. Supp. 2d 19, 23 (D.D.C. 2004)).

Additionally, Federal Rule of Civil Procedure 37 permits "a court to impose sanctions for a party's failure to cooperate during the course of discovery." Davis v. D.C. Child & Family

7

Servs. Agency, 304 F.R.D. 51, 59 (D.D.C. 2014). "The district court has broad discretion to impose sanctions under this rule, and the 'central requirement . . . is that any sanction must be just.'" Id. at 60 (omission in original) (quoting Bonds v. District of Columbia, 93 F.3d 801, 807–08 (D.C. Cir. 1996)). Therefore, "[t]he choice of sanction should be guided by the concept of proportionality between offense and sanction." Id. (alteration in original) (quoting Bonds, 93 F.3d at 808).

### III. ANALYSIS

#### A. The Defendants' Motions for Leave to File a Sur-reply

Each defendant requests leave to file a sur-reply. Defendants Rakin and THEC contend that the "[p]laintiffs' repl[y] contain[s] inappropriate and baseless personal attacks on [their] counsel and make several blatant misrepresentations of the facts and the procedural history of this dispute." Rakin & THEC's Mot. at 1. Defendant Cohen Mohr argues that "the [plaintiffs' r]eply raises several new arguments, including that [it] has 'strenuously been urging' the result sought by [the p]laintiffs, [ ] that [it] is in 'unity' with [the p]laintiffs' position regarding the appropriate procedural posture of this case," and "suggestions that [it] misrepresented facts or somehow violated the rules of this Court." Cohen Mohr's Mot. at 1. However, "a sur[-]reply is not justified to correct 'an alleged mischaracterization.'" United States v. Sum of $70,990,605, 4 F. Supp. 3d 209, 215 (D.D.C. 2014) (quoting Lewis, 154 F. Supp. 2d at 61). Furthermore, although the defendants seek to address facts and allegations regarding their alleged misconduct that the plaintiffs asserted only in their replies, see generally Rakin & THEC's Mot.; Cohen Mohr's Mot., they have been give full opportunity to address these newly asserted facts in their oppositions to the plaintiffs' motion for sanctions, which they have done. Consequently, the defendants' proposed sur-replies would only be duplicative of what is already before the Court,

8

and therefore, their requests for leave to file sur-replies "[are] unjustified and will be denied," Sum of $70,990,605, 4 F. Supp. 3d at 215.[4]

## B. The Plaintiffs' Motion to Vacate Judgment Pursuant to Rule 60(b)(6)[5]

"To obtain relief under [Rule 60(b)(6)], a party must file its motion within a 'reasonable time' and demonstrate 'extraordinary circumstances justifying the reopening of a final judgment.'" United States v. Philip Morris USA Inc., 840 F.3d 844, 852 (D.C. Cir. 2016) (quoting Salazar, 633 F.3d at 1116). Here, the Court finds that the plaintiffs have not met their heavy burden of demonstrating that relief under Rule 60(b)(6) is warranted.

Initially, the plaintiffs' "motion cannot succeed because it was not brought in a reasonable time." Darby v. Shulkin, 321 F.R.D. 10, 12 (D.D.C.), appeal dismissed, No. 16-5374, 2017 WL 7796547 (D.C. Cir. 2017), cert. denied, __ U.S. __, 2018 WL 501024 (Feb. 26, 2018). "[I]n this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are

---

[4] In addition, the defendants argues that the plaintiffs' replies to their oppositions were untimely filed in accordance with this Court's local rules. See, e.g., Cohen's Mohr's Mot. at 1 & n.1. Local Rule 7(d) provides that "[w]ithin seven days after service of the memorandum in opposition the moving party may serve and file a reply memorandum." LCvR 7(d). Thus, because the defendants filed their oppositions to the plaintiffs' motion to vacate on July 13, 2017, the plaintiffs had until July 20, 2017, to file their replies in support of their motion. However, the plaintiffs filed their replies on July 22, 2017, two days after the required deadline. See id. Although the Court does not take lightly the plaintiffs' failure to comply with its local rules, the Court has a strong interest in resolving the plaintiffs' motion to vacate on the merits, and therefore, the Court will consider the plaintiffs' replies to the defendants' oppositions in its assessment of the plaintiffs' motion to vacate.

[5] In response to the plaintiffs' status update, defendant Cohen Mohr argues that "[the p]laintiffs' motion to vacate judgment is now moot" because the plaintiffs "were concerned about liability for costs and fees pursuant to Rule 41(d) in [ ] Superior Court," and "the Superior Court . . . declined to award relief under Rule 41(d)." Cohen Mohr's Status Resp. at 2. Therefore, according to defendant Cohen Mohr, "the entire purpose for [the p]laintiffs running to this [C]ourt[] no longer exists, [and, the p]laintiffs' [m]otion [is now] moot." Id. The Court disagrees. "[A] case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,'" Conservation Force, Inc. v. Jewell, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting Larsen v. U.S. Navy, 525 F.3d 1, 3 (D.C. Cir. 2008)), or if "intervening events make it impossible to grant the prevailing party effective relief," Burlington N. R.R. Co. v. Surface Transp. Bd., 75 F.3d 685, 688 (D.C. Cir. 1996). Here, notwithstanding the Superior Court's decision on defendant Cohen Mohr's motion in that proceeding, the plaintiffs' motion to vacate in this matter is not moot because the plaintiffs still have a legally cognizable interest in the outcome of their motion, see Pls.' Status Update at 1–2 (noting the potential effects the Court's ruling on their motion may have on any additional civil litigation), and the Court could still grant the plaintiffs some form of effective relief, specifically, the relief they seek under Rule 60(b)(6).

9

filed more than three months after judgment." Riley v. BMO Harris Bank, N.A., 115 F. Supp. 3d 87, 95 (D.D.C. 2015) (quoting Carvajal v. DEA, 286 F.R.D. 23, 26 (D.D.C. 2012)). "However, 'a delay of several years has been found permissible when [the] plaintiff bore no fault for the delay and filed the motion as soon as feasible.'" More v. Lew, 34 F. Supp. 3d 23, 27 (D.D.C. 2014) (quoting Carvajal, 286 F.R.D. at 27); see also Darby, 321 F.R.D. at 12 ("The rare cases in which Rule 60(b)(6) motions were granted more than three months after judgment involved extreme and extenuating circumstances . . . ."). Here, the plaintiffs filed their Rule 60(b)(6) motion more than one year after the Court dismissed without prejudice and closed this action based on the plaintiffs' filing of their notice of voluntary dismissal. And, despite this significant time lapse, the plaintiffs do not offer any substantial reason for their lengthy delay in seeking relief under Rule 60(b)(6). See Pls.' Mem. at 8–9 (asserting only that the relief they seek "would help clarify the record in an impactful and meaningful manner for the Superior Court"); see also Pls.' Cohen Mohr Reply at 7 (arguing that the "timing" of their motion is because of defendant Cohen Mohr's attempt to seek relief in the Superior Court). Thus, the plaintiffs "cannot show that [they were] faultless in the delay," Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 13 (D.D.C. 2008), because they became diligent in pursuing Rule 60(b)(6) relief only after they had learned that their voluntary dismissal of this case could have ramifications on their objectives in the Superior Court proceedings.

Additionally, this Circuit has repeatedly held that "it would be an abuse of discretion to rule that a Rule 60(b)(6) motion is not filed within a reasonable time without finding that the movant's delay has prejudiced the non-moving party." Philip Morris USA Inc., 840 F.3d at 852 (quoting Salazar, 633 F.3d at 1119). In this regard, the plaintiffs contend that "[v]acating the voluntary dismissal and replacing it with an order of dismissal for lack of subject-matter

10

jurisdiction would have no prejudicial effect on the [p]arties," Pls.' Mem. at 8, because they "do not seek to reopen or relitigate this case[,]" Pls.' Cohen Mohr Reply at 6. Rather, they represent that they "only seek for the Court to memorialize, in the form of an Order of Dismissal, that this federal court lacked subject[-]matter jurisdiction ab initio." Id. However, the relief the plaintiffs seek is not as simple as they suggest. While it may be true that "[t]he [p]arties, in this case, [could conceivably] end up at the same point were the Court to vacate the [plaintiffs' voluntary] dismissal and substitute for it an Order of [D]ismissal [for lack of subject-matter jurisdiction]," Pls.' Mem. at 8,[6] the Court is unaware of, nor have the plaintiffs provided, any legal authority which supports the proposition that the Court can make such a substitution, particularly, where prior to dismissal, the Court expressed its concerns as to whether it had jurisdiction over this case, see generally Order (Apr. 29, 2016), ECF No. 37, ordered the parties to conduct limited jurisdictional discovery and to jointly respond to its jurisdictional concerns, see id. at 9, and the plaintiffs themselves circumvented the completion of discovery and a ruling on the jurisdictional dispute by voluntarily dismissing the case. Therefore, as the defendants note, the relief the plaintiffs seek could create the potential need for further litigation in this case and thus require the defendants to resume participation in this litigation where it terminated, see Cohen Mohr's Opp'n at 6 (asserting that granting the plaintiffs' relief "would require re-opening jurisdictional

---

[6] In their motion, the plaintiffs cite dicta from Walter Kidde Portable Equipment, Inc. v. Universal Security Instruments, Inc., 479 F.3d 1330, 1342–43 (Fed. Cir. 2007), as support for its position that their requested relief would have no prejudicial impact on the parties in this case. See Pls.' Mem. at 8. Although Walter Kidde involved similar circumstances presented in this case, see 479 F.3d at 1342 (noting that the district court expressed "serious concerns about a lack of subject[-]matter jurisdiction" before the granting the plaintiff's voluntary dismissal), the Court notes that the Federal Circuit's dicta in Walter Kidde was addressing a hypothetical situation regarding where the parties in that case would be in that litigation, assuming (1) the motion to vacate was granted, (2) the district court addressed subject-matter jurisdiction on remand, and (3) the district court concluded that subject-matter jurisdiction did not exist, see id. Thus, the plaintiffs' reliance on this dicta is to no avail because this dicta clearly envisions the district court properly assessing subject-matter jurisdiction on remand rather than simply substituting on order of dismissal for lack of subject-matter jurisdiction for the current order of voluntary dismissal without prejudice.

11

discovery and briefing from the parties, or alternatively, would require the Court to decide—in essentially an advisory capacity—whether subject[-]matter jurisdiction existed without the full development of a factual record on the issues bearing on jurisdiction. It would also mean compelling [defendant] Cohen Mohr to litigate claims simultaneously from the same [p]laintiffs, alleging the same harm, in two separate [c]ourts"); see also Rakin & THEC's Opp'n at 13 (noting the choice of law analysis the Court would have to conduct in determining subject-matter jurisdiction in this case), substantially prejudicing them given that this case has been closed for over a year and they are litigating or have litigated identical claims in another judicial forum, see supra Part II. And although the plaintiffs do not seek to reopen this case at this time, the Court could not preclude the defendants from seeking to continue this litigation if they so requested and if the Court granted the relief the plaintiffs seek and vacated their voluntary dismissal of this case.[7] Consequently, because the plaintiffs filed their motion for Rule 60(b)(6) relief more than a year after judgment was entered, and because they failed to offer any justification for their delay, the Court concludes that the plaintiffs' motion is "well outside the bounds of what this Circuit has generally determined to be a reasonable time." Carvajal, 286 F.R.D. at 28.

Even if the plaintiffs' motion was timely, they have not met their heavy burden under Rule 60(b)(6) of showing that extraordinary circumstances warrant relief. Significantly, the plaintiffs do not allege any extraordinary circumstances. See generally Pls.' Mem. Rather, they assert only that they would suffer prejudice if the Court denies their requested Rule 60(b)(6) relief. See id. at 9 (arguing that they "should not be punished and should not have the door to the Superior Court . . . barred because they attempted to conserve this Court's time and resources by

---

[7] Based on the parties' submissions, the Court understands that much of the jurisdictional discovery has been conducted, and therefore, if the parties were to resume this litigation, the prejudice the defendants would suffer might be perceived as minimal. However, "prejudice is just one component of the reasonable time requirement, and lack of prejudice alone is not a reason for finding a motion timely." Carvajal, 286 F.R.D. at 27.

12

entering a voluntary dismissal"). But, as the defendants correctly note, see, e.g., Cohen Mohr's Opp'n at 8, the plaintiffs' decision to voluntarily dismiss this action was strategic, compare Pls.' Dismissal (filed on June 27, 2016), with Cohen Mohr's Opp'n, Ex. A (Request for Arbitration) (filed June 27, 2016) at 2, and this Circuit "has emphasized that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident,'" Salazar, 633 F.3d at 1120 (quoting Kramer, 481 F.3d at 792); Randall, 820 F.2d at 1321 (noting that the Supreme Court's holding in "Akermann prohibits a court from utilizing Rule 60(b)(6) to relieve a party from a voluntary dismissal based only on financial hardship"). In addition, the plaintiffs cite the defendants' purportedly improper actions as grounds for granting their motion, which allegedly began at the initiation of this action and continued throughout the time when limited discovery was afforded by this Court. See, e.g., Pls.' Rakin & THEC Reply at 3–5. While the defendants' antics during jurisdictional discovery would be troubling if true, they do not constitute extraordinary circumstances justifying vacating the voluntary dismissal of this action because the plaintiffs have offered no evidence to suggest that the defendants' alleged misconduct caused the plaintiffs to file their notice of dismissal or prevented them from seeking Rule 60(b)(6) relief earlier. See Carvajal, 286 F.R.D. at 27 ("Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show circumstances beyond its control prevented taking 'earlier, more timely' action to protect its interests." (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993))). Accordingly, the Court finds that the plaintiffs have failed to satisfy their heavy burden of demonstrating that their requested relief under Rule 60(b)(6) is justified, and therefore, it must deny the plaintiffs' motion to vacate their voluntary dismissal of this case.

### C. The Plaintiffs' Motion for Sanctions

Because of the defendants' alleged misconduct during the initial stages of this litigation and throughout jurisdictional discovery, the plaintiffs now "request that the Court impose sanctions upon [the d]efendants to include attorney's fees, costs, and penalties in an amount to be determined by the Court after supplemental briefing by [the p]laintiffs." Pls.' Sanctions Mot. at 1. Specifically, the plaintiffs contend that counsel for defendants Rakin and THEC "refus[ed] to meet and confer regarding the conflicting representations of the citizenship of [ ] 'THEC International' and 'THEC Internal Corporation,'" or for "mandatory arbitration." Pls.' Sanctions Mem at 1. Additionally, the plaintiffs represent that counsel for Cohen Mohr "refus[ed] . . . to provide initial disclosures or participate in discovery ordered by the Court," id., and made "deliberate mischaracterization[s]" in defendant Cohen Mohr's opposition to their motion to vacate, id. at 2. The defendants argue, in part, that the plaintiffs' motion for sanctions should be denied because it is untimely. See, e.g., Cohen Mohr's Sanctions Opp'n at 9. The Court agrees.

"Although [Rule 37] does not establish any express time limits within which a motion for sanctions must be filed, unreasonable delay may render such a motion untimely." Long v. Howard Univ., 561 F. Supp. 2d 85, 91 (D.D.C. 2008) (citing cases). Judges of this Court have held that "[t]he timeliness of a [Rule 37(c)] motion for sanctions depends on such factors as when the movant[s] learned of the discovery violation[s], how long [they] waited before bringing [those alleged violations] to the court's attention, and whether discovery has been completed," Martin v. District of Columbia, 78 F. Supp. 3d 279, 291 (D.D.C. 2015) (second alteration in original) (quoting Long, 561 F. Supp. 2d at 91), and this Court agrees that these are proper factors to consider. Applying those factors here, the Court finds that the "[p]laintiff[s'] motion for sanctions is clearly untimely under the unreasonable delay standard." Long, 561 F. Supp. 2d

14

at 91.  The plaintiffs predicate their motion for sanctions on alleged discovery violations that, even if accepted as true, occurred nearly two years ago.  See Cohen Mohr's Sanctions Opp'n at 9.  And, the plaintiffs do not contend that they were not aware of the defendants' alleged misconduct prior to their voluntary dismissal of this case.  Nonetheless, it was not until nearly fifteen months after the voluntary dismissal of this case and only after the defendants opposed their motion to vacate, when the plaintiffs filed their motion for sanctions against the defendants.  Clearly, this delay cannot be considered reasonable.

The plaintiffs' motion for sanctions under Rule 11 fares no better.  As support for their demand for sanctions under Rule 11, counsel for the plaintiffs argues that counsel for defendant Cohen Mohr misrepresented the Court's April 29, 2016 Order in its opposition to the plaintiffs' motion to vacate the plaintiffs' voluntary dismissal.  See Pls.' Sanctions Mem. at 2.  But, the Court's review of the challenged language does not permit it to find that defendant Cohen Mohr's counsel improperly mischaracterized the Court's April 29, 2016 Order.  See Pls.' Cohen Mohr Reply at 1 (comparing the challenged language to the Court's language in its April 29, 2016 Order).[8]  To the extent that the plaintiffs' challenge of the alleged mischaracterization is associated with another purported misconduct during discovery, see id. (noting that defendant Cohen Mohr's counsel's "reengineering of the Court's words is consistent with [her] refusal to participate in the jurisdictional discovery order by the Court"), their challenge likewise fails because, as the Court previously noted, such a challenge is not timely, see Fed. R. Civ. P. 11

---

[8] Counsel for the plaintiffs also contends that defendant Cohen Mohr's counsel made an ad hominem attack against him in footnote 11 of its opposition to the plaintiffs' motion to vacate.  See Pls.' Cohen Mohr Sanctions Reply at 1.  The Court disagrees.  While it is evident that tension exists between counsel, see generally id., Ex. 1 (E-mail exchange between counsel), the Court does not find the representations made by defendant Cohen Mohr's counsel to be an ad hominem attack in violation of the Court's local rules, see D.C. Bar Voluntary Standards for Civility in Professional Conduct ¶ 5.  In any event, plaintiffs' counsel's challenge to this alleged ad hominem attack relates to defense counsel's conduct during discovery, which, as the Court previously concluded, was not raised timely.

advisory committee notes to 1993 amendment ("A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so."). And the plaintiffs have not directed the Court to any legal authority where such challenge would be appropriate nearly fifteen months after the matter has been closed. Accordingly, the Court will deny the plaintiffs' motion for sanctions.[9]

## IV. CONCLUSION

In sum, the Court denies the defendants' motions for leave to file sur-replies because they seek to respond to arguments for which they have already been afforded an opportunity to address. Furthermore, because the plaintiffs have not met their heavy burden of showing that they are entitled to Rule 60(b)(6) relief, the Court also denies their motion to vacate. Finally, because the plaintiffs did not promptly seek sanctions once they became aware of the defendants' alleged misconduct, the Court denies their motion for sanctions as untimely.

**SO ORDERED** this 16th day of March, 2018.[10]

REGGIE B. WALTON<br>United States District Judge

---

[9] Because the Court finds the plaintiffs' motion for sanctions untimely, it need not consider the defendants' alternative arguments for why the motion should be denied.

[10] This Court will contemporaneously issue an Order consistent with this Memorandum Opinion.